916 F.2d 712
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward J. BRENNAN, Jr., Plaintiff-Appellant,
v.
STATE of Ohio; County of Guernsey Ohio; Jeffrey T. Fowler,
Ohio Hwy Patrolman, Defendants-Appellees.
 No. 89-4045.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1990.
 
 BEFORE: MERRITT, Chief Judge; MARTIN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the objections to this court's order denying change of venue which was filed as a motion to reconsider, the record, and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff filed a 42 U.S.C. Sec. 1983 civil rights action as a result of his arrest by Fowler, an Ohio Highway Patrolman, for carrying a pistol in his truck in plain view in violation of Ohio Revised Code Sec. 2923.16(B). He sought a permanent injunction against the State of Ohio to prevent the Ohio Highway Patrol from incarcerating people in county or city jails on the basis of violations of Ohio statutes or laws, to disband the Ohio Highway Patrol, to prohibit the enforcement of Ohio Revised Code Sec. 2923.16(B), and to recover $150,000 from Fowler and $1,500,000 from the County of Guernsey to construct a jail. District Court Judge Smith entered the decision of the court granting the defendants' motion to dismiss and dismissing the case for failure to state a claim upon which relief can be granted. Although the defendants did not dispute that Fowler was acting under color of state law, plaintiff failed to plead a constitutional violation as a result of Fowler's actions. Plaintiff appealed the dismissal.
 
 
 3
 On appeal, he states that he was denied his liberty and property and that it is unlikely that the Municipal Court in Cambridge, Ohio, will properly decide the criminal charge against him. He further states that he has the right to bear arms, that the district court did not perform a judge's draw in his presence, that the transfer of the case from Judge Kinneary to Judge Smith was a sham in that he believes Judge Smith's decision was an "under the table decision" of Judge Kinneary, and he questions Judge Kinneary's mental ability to render a decision. He seeks to have this court remand the case back to the district court for a redraw of judges and a trial.
 
 
 4
 Upon review of the district court record, we conclude that the district court's opinion and order filed November 7, 1989, should be affirmed. Plaintiff's conclusory allegations fail to state a claim. See Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Jones v. Duncan, 840 F.2d 359, 361-62 (6th Cir.1988). In addition, matters raised for the first time on appeal should not be addressed by this court. See Pinney Dock & Transp. Co. v. Penn Cent. Corp., 838 F.2d 1445, 1461 (6th Cir.), cert. denied, 109 S.Ct. 196 (1988); Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987); United States v. Baker, 807 F.2d 1315, 1321 (6th Cir.1986).
 
 
 5
 It is ORDERED that the district court's judgment be, and it hereby is, affirmed and the motion for reconsideration be denied. Rule 9(b)(5), Rules of the Sixth Circuit.